**Jose SERNA; Mary Richardson; Roberto Cruz; Santos Cordero; Sari Madera; Ralph Anderson; Warren Lambert; Greg Hofer; Kent Hand, Plaintiffs–Appellants**

v.

**TRANSPORT WORKERS UNION OF AMERICA AFL–CIO, UNION, Defendant–Appellee**

**United States of America, Intervenor–Appellee**

**No. 15–10328**

United States Court of Appeals, Fifth Circuit.

Date Filed: 07/11/2016

Bruce N. Cameron, Milton L. Chappell, National Right to Work Legal Defense Foundation, Springfield, VA, Nathan McGrath, Fairness Center, Harrisburg, PA, David Ellis Watkins, Jason Edward Winford, Jenkins & Watkins, P.C., Dallas, TX, for Plaintiff–Appellant Jose Serna

Bruce N. Cameron, Milton L. Chappell, National Right to Work Legal Defense Foundation, Springfield, VA, David Ellis Watkins, Jason Edward Winford, Jenkins & Watkins, P.C., Dallas, TX, for Plaintiffs–Appellants Roberto Cruz, Santos Cordero, Sari Madera, Ralph Anderson, Warren Lambert, Greg Hofer, Kent Hand

Peter D. DeChiara, Joshua Ellison, Michael Lawrence Winston, Esq., Cohen, Weiss & Simon, L.L.P., New York, NY, Sanford Ross Denison, Esq., Baab & Denison, L.L.P., Dallas, TX, for Defendant–Appellee

Katherine Twomey Allen, U.S. Department of Justice Civil Division, Appellate Section, Washington, DC, for Intervenor–Appellee

Before STEWART, Chief Judge, and CLEMENT and ELROD, Circuit Judges.

PER CURIAM: *

We have reviewed the record, read the briefs, and heard arguments from both parties. We conclude that the two questions presented in this appeal are governed by controlling Supreme Court and Fifth Circuit precedent. *See Ry. Employees' Dep't v. Hanson*, 351 U.S. 225, 238, 76 S.Ct. 714, 100 L.Ed. 1112 (1956) (allowing union shop provision of the Railway Labor Act (RLA)); *Int'l Ass'n of Machinists v. Street*, 367 U.S. 740, 774, 81 S.Ct. 1784, 6 L.Ed.2d 1141 (1961) (allowing opt-out re-

---

quirement under the RLA); *Shea v. Int'l Ass'n of Machinists & Aerospace Workers*, 154 F.3d 508, 513, 515 (5th Cir. 1998) (allowing opt-out requirement under the RLA).[1] Accordingly, the judgment of the district court is AFFIRMED.

---

1. We note that when Serna filed his complaint, the Transport Workers Union of America required dissenting non-members to annually renew their objection in order to avoid paying support to the union's political activities. We expressly held in *Shea*—which was decided fifteen years prior to Serna's complaint—that the First Amendment prohibits a union from requiring objectors to annually renew their objections. Because the union no longer requires an annual opt-out, *Shea* obliges us to uphold the union's current opt-out policy.

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.